IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Carl F. SCHETTER, Attorney at Law.

Supreme Court

*No. 84–1261–D. Filed March 5, 1985.*
(Also reported in 363 N.W.2d 438.)

PER CURIAM. *Attorney disciplinary proceeding; attorney publicly reprimanded.*

The referee recommended that Attorney Carl F. Schetter be publicly reprimanded for having endorsed the name of another attorney on a check received in settlement of a client's personal injury claim without the authority to do so. The recommended discipline is based on the referee's having found that the misconduct was not motivated by any fraudulent intent. We agree with the referee's recommendation of a public reprimand as appropriate discipline.

Attorney Schetter was admitted to practice law in Wisconsin in 1959 and practices in Milwaukee, and he has not previously been the subject of formal disciplinary proceedings. He was retained to represent a man on a personal injury claim who had been represented by another attorney on that claim but who was dissatisfied with the other attorney's lack of diligence in pursuing the claim. The attorney first hired by the client had entered into a contingent fee agreement by which he was

to receive one-third of any recovery on the claim. When Attorney Schetter contacted that attorney to obtain the client's file, he and the other attorney discussed the fee to which the other attorney would be entitled upon settlement of the claim. The two attorneys did not reach an agreement: the first attorney demanded a fee of one-half the amount Attorney Schetter would receive; Attorney Schetter offered to pay him a fee based on the time he had spent on the file.

Attorney Schetter and his client had agreed that Attorney Schetter's fee would be one-third of the recovery but that any liability the client had for the first attorney's fee would be payable from the client's portion of the settlement. When Attorney Schetter ultimately settled the client's claim for $10,500, the settlement check was made payable to the client, himself and the other attorney. Attorney Schetter, without the knowledge or authorization of the other attorney, endorsed the check, including the name of the other attorney designated as "by atty." Attorney Schetter negotiated the check and placed the funds in his trust account, withdrawing from it $3,500 as his fee, disbursing $5,250 to his client, and retaining $1,750 with which to satisfy the liability the client might have to the first attorney for his fees. Attorney Schetter continued to communicate with the first attorney in an attempt to settle the claim for fees, but he did not advise that attorney that he had endorsed the settlement check on his behalf or even that the client's claim had been settled.

In the course of the disciplinary proceeding, Attorney Schetter stipulated to the facts and agreed that his endorsement of the other attorney's name to the settlement check without authority to do so constituted misrepresentation, in violation of SCR 20.04(4). Attorney Schetter and the Board of Attorneys Professional Responsibilities (Board) stipulated that the misconduct warranted the imposition of a public reprimand.

The referee Attorney Rudolph P. Regez, made findings of fact and conclusions of law in conformity with the parties' stipulation, and he considered Attorney Schetter's lack of fraudulent intent as a mitigating factor. The referee also noted that Attorney Schetter fully cooperated in the Board's investigation of the matter.

We accept the referee's findings of fact and conclusions of law, and we agree that a public reprimand is appropriate discipline under the circumstances of this case.

IT IS ORDERED that Attorney Carl F. Schetter is publicly reprimanded for unprofessional conduct.

IT IS FURTHER ORDERED that within 120 days of the date of this order Attorney Carl F. Schetter pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding in the amount of $4,568.-60, provided that if the costs are not paid within the time specified and absent a showing by Attorney Schetter of his inability to pay those costs within that time, the license of Attorney Carl F. Schetter to practice law in Wisconsin shall be suspended until further order of the court.